|1KLIEBERT, Chief Judge.
Plaintiff, Walter Mitchell, sued S.M. Kedia, M.D.[1] alleging he punctured or burned a hole in his lower bowel during an unauthorized total colonoscopic procedure and polypecto-my surgery. At the close of plaintiffs case, defendant moved for an involuntary dismissal. The trial court granted the motion after refusing to allow plaintiffs expert to testify in the field of gastroenterology. Plaintiff appeals. We vacate the trial court judgment and remand for further proceedings.
During the course of presenting his case to the trial court, plaintiff offered William P. Munsell, M.D., as an expert in the fields of internal medicine and gastroenterology. Dr. Munsell was accepted by the court as an expert in the field of internal medicine but the court refused to accept him in the field of gastroenterology because he was not board certified. The trial court commented and ruled as follows:
“... it’s my understanding in this particular kind of case that you have got to have an expert in the field, the same as the *731 expert who is the defendant; and it is my understanding in this case this defendant is an expert in the field of Gastroenterolo-gy. He is Board qualified. He was not at the |2time, but he since has become. He also has a specialty in Internal Medicine, but it’s my understanding that the field in which he is a defendant is Gastroenterolo-gy. For him to testify in the field of Internal Medicine is probably not going to be relevant.
⅜ * * ⅜ ⅜ *
Based upon what I’ve heard, based upon ... Motion to Dismiss, I’m going to grant it. I have no choice but to grant it. There has been no connection — if there is any lack of consent, there has been no connection between that and any damages that were rendered; there has been no indication by any expert in the field of Gastroen-terology that there has been a breach of the standard of care in that particular ease. Based upon all of those things, I am going to grant the involuntary dismissal
[[Image here]]
In making this ruling, the trial court relied on LSA-R.S. 9:2794 and Ardoin v. Hartford Accident and Indemnity Co., 360 So.2d 1331 (La.1978). Section 2794 A provides, in pertinent part:
A. In a malpractice action based on the negligence of a physician licensed under R.S. 37:1261 et seq., a dentist licensed under R.S. 37:751 et seq., or a chiropractic physician licensed under R.S. 37:2801 et seq., the plaintiff shall have the burden of proving:
(1)The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians, dentists, or chiropractic physicians licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians, dentists, or chiropractic physicians within the involved medical specialty.
(2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.
(3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.
The Ardoin court held that the locality rule was not applicable in actions against a medical specialist due to the national standards associated with becoming a specialist. Thus, because Dr. Munsell was not a board certified gastroenterologist, |3the trial court refused to accept him as an expert in that field and refused to hear Dr. Munsell’s opinion as to whether Dr. Kedia breached the standard of care in his performance of the surgical procedures.
It is a physician’s experience and knowledge of the requisite subject matter which determines whether he may testify as to the degree of care which should be exercised. A particular physician’s knowledge of the subject matter on which he is to offer expert testimony is determined on a case-by-case basis. McLean v. Hunter, 495 So.2d 1298 (La.1986); Soteropulos v. Schmidt, 556 So.2d 276 (La.App. 4th Cir.1990); Turner v. Massiah, 94-CA-29 (7/1/94, 5th Cir.), 641 So.2d 610. However, the opinions of a specialist as to matters in his own field may be entitled to greater weight than an opinion on the same subject by a physician or specialist in another field. Soteropulos, supra.
Thus, we must look to Dr. Munsell’s knowledge and experience in the requisite subject matter to determine whether he should be accepted as an expert and whether his testimony is admissible with regard to the standard of care. Board certification is not the test, but simply one factor the court must look to when weighing expert testimony.
Dr. Munsell testified that following his graduation from medical school he had a three year residence in internal medicine weighted in gastroenterology. Thereafter,' *732 he was assigned to the teaching staff in gastroenterology at Keesler Air Force Base and received an Air Force Commendation medal for establishing the endoscopy unit at Keesler. Since he left the Air Force in 1971, he has been practicing gastroenterology in Oklahoma City and had performed over one hundred colostomies through 1985, the time the alleged malpractice occurred. He has also published a number of articles in various medical journals, the last being in gastrointestinal endoscopy in 1974.
Dr. Munsell further testified that when he began practicing, fellowships were rare and that one could be board eligible in gastroen-terology through experience and training. In 1985, a two year fellowship or its equivalent was required to be board |4eligible; however, Dr. Munsell testified his twenty years experience in gastroenterology may qualify him to sit for the boards.
At the time the alleged malpractice occurred, Dr. Kedia was board certified in internal medicine but only qualified to take the board examination in the subspecialty of gas-troenterology. Thus, neither Dr. Kedia nor Dr. Munsell was board certified in gastroen-terology at the time of the alleged malpractice. Because both doctors were internists concentrating in the subspecialty of gastroen-terology it was error for the trial court not to accept the entire testimony of Dr. Munsell as it related to Dr. Kedia’s treatment of Mr. Mitchell.
Accordingly, we find the trial court erred in refusing to accept Dr. Munsell’s testimony concerning whether Dr. Kedia breached the standard of care owed to Mr. Mitchell. A review of the evidence, including Dr. Mun-sell’s proffered testimony, shows plaintiff submitted sufficient evidence that Dr. Kedia breached the standard of care in his treatment of Mr. Mitchell. For the foregoing reasons, we vacate the trial court judgment granting the defendant’s motion for involuntary dismissal and remand for further proceedings. On remand, the trial court is ordered to allow the entire testimony of Dr. Munsell concerning his opinion of Dr. Kedia’s treatment of Mr. Mitchell, then proceed with the presentation of defendant’s ease.

■JUDGMENT VACATED; MATTER REMANDED.

. The record as initially lodged in this Court erroneously reflected that Dr. Aldo Kitahama was indeed a named defendant. The supplemental record establishes he is not a party to this lawsuit.